# EXHIBIT A

19STCV31758

Electronically FILED by Superior Court of California, County of Los Angeles on 10/08/2019 09:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
COUNTY OF LOS ANGELES, by and through THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; VICKI M., an individual; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
AMANDA AUSTIN, an individual; MINOR A.A., by and through her guardian ad litem, Amanda Austin,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* 19STCV31758

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andre Clark, Esq., 150 N. Santa Anita Ave., Suite 200, Arcadia, CA 91006, (626) 446-6442

DATE: 10/08/2019 *(Fecha)*
Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by *(Secretario)* Veronica Delgadillo , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* COUNTY OF LOS ANGELES

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 10/24/19



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 10/01/2019 Sherri R. Carter, Executive Officer / Clerk of Court By: C. Mason Deputy |
| PLAINTIFF: Amanda Austin et al | |
| DEFENDANT: County of Los Angeles, by and through The Los Angeles County D | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 19STCV31758 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 12/17/2019 | 8:30 AM | 36 |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Gregory W. Alarcon

Dated: 10/01/2019

Gregory W. Alarcon / Judge
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Andre L. Clark
150 North Santa Anita Avenue Suite
200
Arcadia, CA 91006

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 10/01/2019

By C. Mason
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

CENTRAL DISTRICT-STANLEY MOSK COURTHOUSE
CIVIL DIVISION
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

**DEPT. 36**

U.S. POSTA
ZIP 90012
02 4W
00003361

OCT 0 4 2019

9100633115 C043

**Andre L. Clark, Esq. (323654)**
**Law Offices of Vincent W. Davis & Associates**
**150 N. Santa Anita Avenue, Suite 200**
**Arcadia, CA 91006**
**Phone: (626) 446-6442**
**Facsimile: (626) 446-6454**
**Email: andre@vincentwdavis.com**

Attorneys for Plaintiff
AMANDA AUSTIN
MINOR A.A.

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

AMANDA AUSTIN, an individual; MINOR A.A., by and through her guardian ad litem, Amanda Austin,

PLAINTIFF

v.

COUNTY OF LOS ANGELES, by and through THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; VICKI M., an individual; and DOES 1 through 50, inclusive,

DEFENDANTS.

Case No.: 19STCV31758

**COMPLAINT**

1. FIRST CAUSE OF ACTION (Violation of Civil Rights (42 U.S.C. § 1983) - Fourteenth Amendment - Familial Association)) Against All Defendants and DOES 1 through 50, inclusive
2. SECOND CAUSE OF ACTION (Violation of 42 U.S.C. § 1985) Against All Defendants and DOES 1 through 50, inclusive
3. THIRD CAUSE OF ACTION (Violation of 42 U.S.C. § 1986) Against All Defendants and DOES 1 through 50, inclusive
4. FOURTH CAUSE OF ACTION (Monell-related Claims) Against Defendant COLA/DCFS and DOES 1 through 50, inclusive

**DEMAND FOR A JURY TRIAL**

///

///

///

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Plaintiffs allege the following:

## JURISDICTION

1. The jurisdiction of this Court is invoked under Title 28 U.S.C. §§ 1331 and 1343. This suit is authorized by the Fourteenth Amendment to the United States Constitution and Title 42 U.S.C. § 1983. Plaintiff seeks monetary recovery in excess of $25,000 for damages incurred by him.

## PARTIES

2. The true names and capacities of the defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.
3. Plaintiff AMANDA AUSTIN (hereinafter "Plaintiff Austin") is an individual, competent adult, who, during all times relevant as described in more detail below, engaged with the Los Angeles County Department of Children and Family Services, by and through numerous employees, representatives, or agents of the same, in and around Los Angeles County, both individually and as the biological mother of the minor plaintiff described below.
4. Plaintiff A.A. is an individual, minor, born in or around May of 2015, who, during all times relevant as described in more detail below, engaged with the Los Angeles County Department of Children and Family Services, by and through numerous employees, representatives, or agents of the same, in and around Los Angeles County, both individually and as daughter of Plaintiff Austin.
5. All of the above-described Plaintiffs will be referred to hereinafter collectively as "Plaintiffs."
6. Defendant COUNTY OF LOS ANGELES is a local public entity organized under the laws of the State of California (hereinafter referred to as "County of Los Angeles" or "COLA"). Defendant Los Angeles County Department of Children and Family Services (hereinafter referred to as "DCFS" or "the Department") is an agency of Defendant COLA designated to administer laws and programs relating to protective services for children, foster care, and adoptions. DCFS operates under the policy direction of the Los Angeles County Board of Supervisors and the

California Department of Social Services and Health Services. Collectively, COLA and DCFS will be referred to hereinafter as "COLA/DCFS."

7. At all times applicable herein, Defendant VICKI M. (hereinafter "Defendant Vicki M."), was an individual foster parent and residing, on information and belief, in the County of Los Angeles, and an officer, agent, and employee of COLA/DCFS. Defendant Vicki M. is sued herein in both her individual capacity and in her official capacity as an officer, agent, and employee of the County of Los Angeles.

8. Hereinafter, the above-described Defendants will be referred to collectively as "Defendants."

9. Plaintiffs are informed and believe and, on such basis, allege that each of the above named defendants was and is the agent, employee, principal, or employer of each of the remaining defendants, and/or vice versa. In addition, Plaintiffs are informed and believe, and on such basis allege that the defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

10. Plaintiffs are informed and believe, and thereon allege, that each of the above-named defendants was acting under color of law in committing the acts herein alleged, and that in doing the things herein alleged, Defendants, and each of them, were acting within the course and scope of their duties as employees or agents of COLA/DCFS.

11. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendants, and each of them, were the knowing agents and/or alter egos of one another, and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co-defendants, their agents and employees, as more fully alleged herein. Moreover, all of the Defendants agreed upon, approved, ratified, and/or conspired to commit all of the acts and/or omissions alleged in this Complaint.

## COMMON ALLEGATIONS

12. On or about August of 2016, Plaintiff A.A., was removed from the care, custody, and control of her biological mother, Plaintiff Austin.

13. Subsequent to the above-referenced removal, Plaintiff A.A.'s father met with Defendant Vicki M. at the HUB Clinic to visit his daughter, Plaintiff A.A. During this visit, Plaintiff A.A.'s father held and changed Plaintiff A.A., but Plaintiff A.A. acted if she did not want to be touched by her

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

own father. When Plaintiff A.A.'s father removed Plaintiff A.A.'s diaper, Plaintiff A.A.'s entire private area was red and covered with a rash.

14. Subsequently, Plaintiff Austin had another visit with Plaintiff A.A. at the HUB Clinic. During said visit, Plaintiff Austin noticed bruising on the front and sides of her daughter's head of which Plaintiff took photographs.

15. Plaintiff Austin reported her concerns regarding physical abuse of Plaintiff A.A. to the Managers of the HUB Clinic, "Jamal Jones" and "Caroline Avalos," who both promised to investigate the situation.

16. Following the report to the Manager of HUB Clinic, Jamal Jones, Plaintiff had another visit with her daughter, Plaintiff A.A. During this visit, Plaintiff Austin noticed that Plaintiff A.A. had bilateral bruises on her cheeks.

17. Again, Plaintiff reported her concerns of physical abuse to Defendants, and each of them.

18. The Carson Police went to Defendant Vicki M.'s home to investigate the situation. A Social Worker, Defendant Canto, who noticed the bruising and ordered a forensic test be completed, was present when the Carson Police met with Defendant Vicki M. during the initial investigation of the physical abuse.

19. An appointment for forensic testing on Plaintiff A.A., who was only 15-month old at that time, was scheduled for September 8, 2016, at Harbor UCLA Pediatrics.

20. On September 8, 2016, Plaintiff A.A. was examined by Dr. Melissa Jimenez, in the presence of Plaintiff A.A.'s father and Defendant Vicki M. During said examination, Dr. Jimenez stated that "cheek bruising is an unusual injury in children who have been injured accidentally, even mobile children, and as such, there is concern of physical abuse."

21. After Dr. Melissa Jimenez's examination of Plaintiff A.A., a skeletal survey to evaluate the possibility of an acute injury was ordered, the results of which Plaintiff Austin never received. Dr. Melissa Jimenez also recommended that Plaintiff A.A. be scheduled for a forensic examination.

22. Notwithstanding the above-mentioned indications of physical abuse upon Plaintiff A.A., Plaintiff A.A was released back into the care of Defendant Vicki M.

23. On September 13, 2016, Dr. Melissa Jimenez had a discussion with her superior about possible soft tissue density that would be better evaluated with an Apd/Pelvic ultrasound.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

24. There was no follow-up from the doctors or social workers regarding the recommended examinations. Plaintiff Austin called several times and left multiple messages but said calls and messages were disregarded and never returned.

25. Instead of adhering to the recommendation of Dr. Melissa Jimenez, only a physical examination of Plaintiff A.A. was performed.

**FIRST CAUSE OF ACTION**

**(Violation of Civil Rights (42 U.S.C. § 1983) - Fourteenth Amendment - Familial Association))**

**Against All Defendants and DOES 1 through 50, inclusive**

26. Plaintiffs re-allege paragraphs 1-25 and incorporate them herein as though fully set forth.

27. Plaintiffs are informed and believe, and thereon allege that the right to familial association guaranteed under the Fourteenth Amendment is "clearly established" such that a reasonable social worker in defendants' situation would know it is unlawful to deliberately fail to protect minors from physical abuse while in foster care.

28. During the times when Plaintiff A.A. was subject to the care, custody, and control of Defendants, Defendants, and each of them, were acting under color of state law when they acted, agreed and/or conspired to unlawfully and deliberately fail in protecting Plaintiff A.A. against physical abuse while said Plaintiff was in foster care and under the supervision of Defendant Vicki M.

29. Defendants, and each of them, maliciously conspired to violate the civil rights of Plaintiffs, including violation of Plaintiffs' rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, deliberately failing to protect minors from physical abuse while in foster care and thereby violating the Constitutional rights of Plaintiffs.

30. By these actions, Defendants, and each of them, interfered and/or attempted to interfere with Plaintiffs' constitutional rights to familial association under the Fourteenth Amendment as well as those rights under applicable California Law rising to the level of a constitutionally-protected right.

31. As the direct and proximate result of the Defendants' actions, Plaintiffs have suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

32. Defendants COLA/DCFS and their respective entities, are vicariously responsible for the conduct of all Defendants and DOES 1 through 50, under Government Code section 815.2 and applicable other statutory and case law.

33. Defendants and DOES 1 through 25, are vicariously responsible for the conduct of all Defendants and DOES 26 through 50, inclusive, under applicable statutory and case law.

34. On information and belief, Defendants, and each of them, acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard to the rights of Plaintiffs in a despicable, vile and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

**SECOND CAUSE OF ACTION**

**(Violation of 42 U.S.C. § 1985)**

**Against All Defendants and DOES 1 through 50, inclusive**

35. Plaintiffs re-allege paragraphs 1-34 and incorporate them herein as though fully set forth.

36. Defendants, and each of them, acting under color of state law, conspired to deprive, and did deprive, Plaintiffs of their rights under the laws of the United States.

35. Specifically, Defendants conspired to, and did: act, agree and/or conspire to unlawfully fail, deliberately, to protect Plaintiff A.A. from physical abuse while in foster care. The conduct of Defendants, and each of them, interfered with Plaintiffs' rights, including the right to familial association free from government interference as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

37. Defendants, and each of them, engaged in said conspiracies for the purpose of depriving Plaintiffs of equal protection of the laws of the State of California and of the United States, and depriving them of their rights under the Constitutions of the United States and the State of California.

38. Defendants, and each of them, took several acts in furtherance of the conspiracy, including but not limited to, acting, agreeing and/or conspiring to unlawfully fail, deliberately, to protect Plaintiff A.A. from physical abuse while in foster care.

39. Plaintiffs did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Due Process Clause of the Fourteenth Amendment, which has been interpreted to protect the fundamental liberty interest of familial relations.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

40. As the direct and proximate result of the Defendants' actions, Plaintiffs have suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at trial.

41. On information and belief, Defendants, and each of them, acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard to the rights of Plaintiffs in a despicable, vile and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

**THIRD CAUSE OF ACTION**

**(Violation of 42 U.S.C. § 1986)**

**Against All Defendants and DOES 1 through 50, inclusive**

42. Plaintiffs re-allege paragraphs 1-42 and incorporate them herein as though fully set forth.

43. Defendants, and each of them, maintain, and at all times relevant to this Complaint maintained, customs and practices which were the driving force behind their conspiracy to interfere with Plaintiff's civil rights in violation of 42 U.S.C. section 1985, discussed in paragraphs 1 through 42, above. Such customs and practices include unlawful and deliberate failure to protect minors from physical abuse while in foster care, all in violation of the right to familial association under the Due Process Clause of the Fourteenth Amendment.

44. Defendants and each of them, have, and at all times relevant to this complaint had, knowledge of the customs and practices that led to the conspiracy to interfere with Plaintiffs' civil rights. All named defendants and DOES 1 through 50, inclusive, knew that the other individual defendants were conspiring to commit the wrongs noted above, and were going to commit them.

45. Defendants, and each of them, had the power to prevent the commission of these wrongs, through the notification of the proper superiors and authorities, and/or through the implementation of policies, procedures, and training programs that would educate and enlighten employees as to the civil rights of the citizens of the United States and the State of California.

46. Despite their knowledge, Defendants, and each of them, refused or neglected to prevent the remaining Defendants from committing these wrongs in violation of 42 U.S.C. section 1985.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANTA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

47. Plaintiffs did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourteenth Amendment that protect the right to familial association.

48. Plaintiffs' injuries were the direct and proximate result of the actions Defendants could have, through reasonable diligence, prevented.

49. As the direct and proximate result of these Defendants' actions, Plaintiffs have suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at trial.

**FOURTH CAUSE OF ACTION**

**(*Monell*-related Claims)**

**Against Defendant COLA/DCFS and DOES 1 through 50, inclusive**

50. Plaintiffs re-allege paragraphs 1-49 and incorporate them herein as though fully set forth.

51. Defendants, including through their respective entities, established and/or followed policies, procedures, customs, and/or practices (hereinafter referred to collectively as "policy" or "policies") which policies were the moving force behind the violations of Plaintiff's constitutional rights, including those under the Fourteenth Amendment, by, but not limited to:

   a. The policy and practice of deliberately failing to protect minors from physical abuse while in foster care.

52. Defendants, including through their respective entities, breached their duties and obligations to Plaintiff, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting Defendants and DOES 1 through 50, to engage in the unlawful and unconstitutional conduct as herein alleged.

53. Defendants knew, or should have known, that by breaching the above-mentioned duties and obligations that it was foreseeable that they would, and did, cause Plaintiffs to be injured and damaged by their wrongful policies, or deliberate lack thereof or deliberate indifference to the need for such policies and/or training, and other acts as alleged herein, and that such breaches

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

occurred in contravention of public policy and their legal duties and obligations to Plaintiffs; and that such policies would subject them to injunctive relief which Plaintiffs asserts herein.

54. These actions, and/or inactions, of Defendants are the moving force behind, and direct and proximate cause of Plaintiffs' injuries, as alleged herein; and as a result, Plaintiffs have sustained general and special damages, to an extent and in an amount to be proven at trial. In addition, Plaintiffs have incurred, and will continued to incur, attorneys' fees, costs, and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against all Defendants, as to all causes of action, as follows:

1. Plaintiffs demand a jury trial as to the issues so triable;
2. General damages and special damages according to proof;
3. *As against only the individual defendants* and not any municipality, punitive damages as allowed by law;
4. Attorneys fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute;
5. Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief to be based upon a separate application);
6. Costs of suit incurred herein; and
7. Such other and further relief as the Court deems proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs respectfully demand a jury trial for all claims asserted here.

///

///

///

///

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

RESPECTFULLY SUBMITTED,

Date: August 6, 2019

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

BY:

Andre L. Clark, Esq.
Attorneys for Plaintiffs
AMANDA AUSTIN
MINOR A.A.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454