Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Sara Bagheri, Esq., Bar No.: 317195
sbagheri@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Attorneys for Defendants
COUNTY OF LOS ANGELES (erroneously sued as THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES), CAROLINE AVALOS, JAMAL JONES, and SARA CANTO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

A.A., by and through her guardian ad litem, Amanda Austin,

Plaintiff,

vs.

COUNTY OF LOS ANGELES, by and through THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; CAROLINE AVALOS, an individual; JAMAL JONES, an individual; SARA CANTO, an individual; VICKI M., an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:19-cv-10031-SVW-JPR
Assigned to Honorable: Stephen V. Wilson
Magistrate Judge: Jean P. Rosenbluth

**DEFENDANTS COUNTY OF LOS ANGELES, CAROLINE AVALOS, JAMAL JONES, AND SARA CANTO'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

*[Filed Concurrently with Defendants' Statement of Uncontroverted Facts and Conclusions of Law; Declaration of Sara Bagheri, Esq. in Support of Defendants County of Los Angeles, Caroline Avalos, Jamal Jones, And Sara Canto's Motion For Summary Judgment; Declaration of Caroline Avalos; Declaration of Jamal Jones; Declaration of and Sara Canto and [Proposed] Judgment]*

Date: August 31, 2020
Time: 1:30 p.m.
Dept.: 10A

Complaint Filed: September 6, 2019
FAC Filed: December 10, 2019
SAC Filed: January 31, 2020
TAC Filed: April 1, 2020
Trial Date: September 22, 2020

**TO PLAINTIFF THROUGH HER GUARDIAN AD LITEM AND THROUGH THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on August 31, 2020, or as soon thereafter as this matter may be heard in the United States District Court for the Central District of California, before the Honorable Stephen V. Wilson, Courtroom 10A, located at 350 W 1st St, Los Angeles, CA, Defendants County of Los Angeles (inclusive of the "Los Angeles Department of Children and Family Services," erroneously named as a distinct entity) (the "County"), Caroline Avalos, Jamal Jones, and Sara Canto ("Social Worker Defendants," and, collectively with the County, "Defendants") will move the Court for summary judgment, or in the alternative partial summary judgment, on the following issues:

1. The Social Worker Defendants are entitled to summary judgment on the first claim for Violation of 42 USC 1983, familial relationship, because they have not violated Plaintiff's right to familial relationship and are entitled to qualified immunity.

2. The County is entitled to summary judgment on the second claim for *Monell* liability because there was no underlying violation by the Social Worker Defendants.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which occurred via email on July 27, 2020, and via telephone on July 28, 2020. Counsel for Defendants discussed the issues related to the merits of the lawsuit, including the lack of evidence provided by Plaintiff and her inability to show the Social Worker Defendants were deliberately indifferent and violated Plaintiff rights—Plaintiff did not express any interest in this proposition, and the parties were unable to come to an informal resolution.

///

///

///

///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

This motion is based on this notice, the accompanying memorandum of points and authorities, Defendants' concurrently filed Separate Statement of Material Facts, the declarations of Sara Bagheri, Esq., Caroline Avalos, Jamal Jones, and Sara Canto, and supporting exhibits, the pleadings and papers on file in the present action, and upon such other evidence or arguments as may be presented to the Court at the time of the hearing on this motion.

DATED: August 3, 2020 **PETERSON · BRADFORD · BURKWITZ**

By: /s/ Sara Bagheri, Esq.

Avi Burkwitz, Esq.
Sara Bagheri, Esq.
Attorneys for Defendants
COUNTY OF LOS ANGELES
CAROLINE AVALOS
JAMAL JONES
SARA CANTO

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 7

II. FACTUAL BACKGROUND .......... 8

A. DCFS' Organizational Structure and The Social Worker Defendants .......... 8

B. July 16, 2016 – August 9, 2016: Reports of Parents' Domestic Violence and Detention .......... 8

C. September 6, 2016 – The Parents Report to Social Workers .......... 11

D. September 8, 2016 – Forensic Testing at the HUB Clinic .......... 12

E. September 14, 2016 – Plaintiff's New Placement .......... 13

III. SUMMARY JUDGMENT STANDARD .......... 13

IV. ARGUMENT .......... 13

A. There is no Triable Issue of Fact That Defendants Violated Plaintiff's Right to Familial Relationship Under the First Claim for Relief .......... 13

B. Qualified Immunity Bars The First Claim Against the Social Worker Defendants .......... 17

C. The County is Entitled to Summary Judgment on the Second Claim for Relief Alleging *Monell* Liability Because there was no Underlying Violation by the Social Worker Defendants .......... 18

V. CONCLUSION .......... 19

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## TABLE OF AUTHORITIES

Page

**Cases**

*AE ex rel. Hernandez v. Cty. of Tulare*,
666 F.3d 631 (9th Cir. 2012) ........ 14

*Ashcroft v. Iqbal*,
556 U. S. 662 (2009) ........ 17

*Beltran v. Santa Clara County*,
389 Fed. Appx. 679 (2010). ........ 17

*Brittain v. Hansen*,
451 F.3d 982 (9th Cir. 2006) ........ 15

*Butler v. Elle*,
281 F.3d 1014, 1024 (9th Cir. 2002) ........ 17

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........ 13

*City of Los Angeles v. Heller*,
475 U.S. 796 (1986) ........ 18

*Dougherty v. City of Covina*,
654 F.3d 892 (9th Cir. 2011) ........ 14

*Gillette v. Delmore*,
979 F.2d 1342 (9th Cir. 1992) ........ 14

*Jackson v. Barnes*,
749 F.3d 755 (9th Cir. 2014) ........ 17

*Jackson v. City of Bremerton*,
268 F.3d 646, 651 (9th Cir. 2001). ........ 17

*KRL v. Moore*,
F.3d 1105, 1117 (9th Cir.2004) ........ 17

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*Miller v. Gammie*,
335 F.3d 889, 989 (9th Cir. 2003) .......... 17

*Monell v. Dep't of Soc. Servs. of City of New York*,
436 U.S. 658 (1978) .......... 14, 18, 19

*Palmerin v. City of Riverside*,
794 F. 2d 1409 (9th Cir. 1986) .......... 18

*Pearson v. Callahan*,
129 S. Ct. 808, 815 (2009). .......... 17

*Ruvalcaba v. City of Los Angeles*,
167 F.3d 514, 518 (9th Cir. 1999) .......... 18

*Tamas v. Department of Social & Health Services*,
630 F.3d 833 (9th Cir. 2010) .......... 14

**Rules**

Fed. R. Civ. Pro., Rule 56(a) .......... 13

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff A.A., through her Guardian Ad Litem Amanda Austin, (hereinafter "Plaintiff") brings this lawsuit against the Defendants County of Los Angeles (inclusive of the "Los Angeles Department of Children and Family Services," erroneously named as a distinct entity) (the "County"), and three Social Worker Defendants, Caroline Avalos, Jamal Jones, and Sara Canto ("Social Worker Defendants," and, collectively with the County, "Defendants") for violating her Fourteenth Amendment rights related to alleged abuse in the foster home, despite one of the social workers lacking any knowledge of allegations of child abuse because she was no longer involved and the other two taking prompt action upon learning of such allegations when they were notified. The complaint revolves around allegations of physical abuse related to a diaper rash and bilateral cheek bruising of a then 1-year old child in September 2016. Plaintiff claims the Social Worker Defendants acted with deliberate indifference and failed to protect her from the alleged physical abuse while she was placed in foster mother Vicki Robinson-Mazoko's (hereinafter "Vicki")[1] care.

Contrary to those allegations, the evidence shows that the Social Worker Defendants were not deliberately indifferent. The evidence shows that upon learning of the alleged abuse, two social workers went to the foster mother's home and investigated the home on two different occasions, arranged for a forensic exam by a pediatrician, and removed Plaintiff from the foster parent's home .

As Plaintiff's lawsuit is based on broad accusations that are unsupported by any evidence, and based on the evidence submitted herein, the Defendants respectfully request summary judgment.

---

[1] Co-defendant Vicky Robinson-Mazoko is named as Vicki M. in Plaintiff's Complaint. To avoid any inconsistencies, Defendants will refer to her by the same name used by Plaintiff—Vicki M.

## II. FACTUAL BACKGROUND

### A. DCFS' ORGANIZATIONAL STRUCTURE AND THE SOCIAL WORKER DEFENDANTS

The Department of Children and Family Services (DCFS) is Los Angeles County's child welfare agency. DCFS operates regional field offices throughout Los Angeles County that provide services to families. Regional offices are subdivided into sections of social worker specialties, including Emergency Response and Continuing Services. Emergency Response Children's Social Workers (ER CSW) investigate allegations of child abuse and neglect—also termed "referrals." (SUF ¶1) Continuing Service Children's Social Workers (CS CSW) are involved typically once a child is detained from the home, and are involved in providing services to the child, and monitoring the child, and visiting him/her. (SUF ¶ 2) Defendants Sara Canto and Caroline Avalos were ER CSW's during the period relevant to the allegations against them. (SUF ¶ 3) Both ER CSW's and CS CSW's report to a Supervising Children's Social Worker (SCSW). (SUF ¶ 4) Defendant Jamal Jones was a SCSW, supervising CS Workers, during the period relevant to the allegations. (SUF ¶ 5). Jones did not supervise Canto or Avalos.

### B. JULY 16, 2016 – AUGUST 9, 2016: REPORTS OF PARENTS' DOMESTIC VIOLENCE AND DETENTION

Plaintiff's family came to the attention of DCFS on July 16, 2016, when a five-day response referral[2] was generated alleging Plaintiff and her older sister (not a party) were the alleged victims of emotional abuse by their mother, Amanda Austin, and father, Shaun Stacks. (SUF ¶ 6) The referral alleged that during an altercation with

---

[2] A "five-day" referral requires an in-person response be initiated within five business days. A referral will be assigned as a "five-day by specified date" when a threat of specific harm is not immediate, but is expected to occur prior to the fifth business day. (http://m.policy.dcfs.lacounty.gov/Src/Content/Response_times_to_referr.htm#Five_DayResponseReferrals)





PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Austin, and while Plaintiff was present in the room, Stacks threw a glass at the wall while intoxicated. This was the first of two referrals generated for this family in July 2016. (SUF ¶ 7) This initial referral was assigned to the ER CSW, Defendant Caroline Avalos. (SUF ¶ 8) On July 19, 2016, Avalos visited Plaintiff's family residence in an attempt to make contact with Plaintiff but was unable to gain access to the home. (SUF ¶ 9)

During the course of this initial investigation, a subsequent immediate response referral[3] was generated on July 23, 2016, following yet another incident of domestic violence with law enforcement intervention involving Plaintiff's parents outside of a restaurant. (SUF ¶ 10) In this incident, Austin and Stacks engaged in a violent altercation wherein Austin slapped Stacks twice in the head. (SUF ¶ 11) As Austin was driving away, Stacks stood in front of her vehicle and she accelerated, repeatedly pushing Stacks to the ground with the moving vehicle causing him abrasions—all while Plaintiff was strapped into the backseat of the vehicle. (SUF ¶ 12) This second referral was initially assigned to a different ER CSW who made contact with Plaintiff at her family residence the same day, but was subsequently assigned to Avalos to handle jointly with her previously assigned five-day response referral. (SUF ¶ 13)

Avalos' investigation into Austin and Stacks uncovered a history of multiple 911 calls for service reporting domestic violence; multiple police reports involving Austin and Stacks; prior service to Austin's home; and Austin's admission to the Burbank Police that she was involved in a "domestic dispute" during the July 23rd incident. (SUF ¶ 14)

On July 29, 2016, Avalos, following up on her initial five-day response referral—now compounded with the second referral, contacted Plaintiff's family to

---

[3] An immediate response referral requires an in-person response be initiated as soon as possible, no later than the end of the shift in which the CSW received the referral. (http://m.policy.dcfs.lacounty.gov/Src/Content/Response_times_to_referr.htm#Five_DayResponseReferrals)

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

examine her and interview each parent individually and privately. (SUF ¶ 15) Avalos discussed the two referrals with Austin, and Austin denied all allegations related to these referrals, including all charges of domestic violence or issues with Stacks. (SUF ¶ 16) Avalos also interviewed Stacks about the allegations related to the two referrals, but he remained uncooperative and kept repeating he "had nothing to say." (SUF ¶ 17) Both Austin and Stacks insisted nothing happened, despite evidence to the contrary. (SUF ¶ 18) Austin and Stacks' dishonesty alarmed Avalos due to risk of harm to one-year old Plaintiff living in an unstable home which potentially exposed her to domestic violence. (SUF ¶ 19)

Consequently, based on the overwhelming evidence that there had been prior domestic violence in Plaintiff's home, as well as the concerns for a one-year old child who may have been exposed to history of domestic violence, a petition for removal of Plaintiff (and her sister[4]) was filed with the dependency court and a warrant was obtained for their detention. (SUF ¶ 20)

On August 9, 2016, Avalos and LAPD officers arrived at Austin's home to detain Plaintiff. (SUF ¶ 21) Notably, Plaintiff's parents continued to deny any domestic violence and were uncooperative. (SUF ¶ 22) As no Non-Related Extended Family Member[5] (NREFM) or responsible relatives were available to care for Plaintiff within DCFS' ability to place, Plaintiff was placed in the foster home of Vicki Robinson-Mazoko ("Vicki"). (SUF ¶ 23) Vicki was an approved foster parent, licensed by the State of California Health and Human Services Agency, with no prior founded charges for neglect or abuse. (SUF ¶ 24)

Following Plaintiff's detention and placement in foster care, Plaintiff's case

---

[4] As Plaintiff's sister, T.A., is not involved in this action, she will not be discussed further.

[5] Non-Related Extended Family Member is defined as an adult caregiver who has an established familial relationship with a relative of the child or a familial or mentoring relationship with the child.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

was transferred from the Emergency Response unit to Continuing Services unit. (SUF ¶ 25) Shortly after the placement, Avalos' involvement with Plaintiff's care ended, and Plaintiff's case was assigned to CS CSW Antoneta Vatraleva (not a party to this action), a social worker who reported to SCSW Jamal Jones, who supervised a unit of CS workers. (SUF ¶ 26) Jones had no prior involvement with the family. (SUF ¶ 27)

### C. SEPTEMBER 6, 2016 – THE PARENTS REPORT TO SOCIAL WORKERS

As of September 6, 2016, there were no complaints reported by either parent to Jones as to any physical abuse in Vicki's home, Avalos was no longer involved with the family, and Canto had yet to be assigned as a worker to this matter. (SUF ¶ 28)

On or about September 6, 2016, Austin contacted Plaintiff's assigned worker, Vatraleva and reported that during the last visit with her daughter two days earlier (September 4), she noticed marks on Plaintiff's cheeks. (SUF ¶ 29) Vatraleva made an immediate and unscheduled visit to Vicki's home to investigate the report of alleged abuse. (SUF ¶ 30) Vatraleva observed two yellow marks on Plaintiff's cheeks. (SUF ¶ 31) Vatraleva reported Austin's concerns to her Supervising CSW, Jones, who reported the physical abuse allegations. (SUF ¶ 32) Austin's report generated a referral, which triggered a visit by another ER CSW—Defendant Sara Canto. (SUF ¶ 33)

On September 6, 2016 (the same day as Vatraleva's visit), Canto visited Vicki's home to investigate the matter, spoke with Vicki, and examined Plaintiff. (SUF ¶ 34) Vicki told Canto that she was aware of the allegations as another social worker (Vatraleva) had made an unannounced visit earlier in the day. (SUF ¶ 35) Vicki denied any physical abuse of Plaintiff and reported to Canto that Austin and Stacks visited Plaintiff two days earlier (September 4), and had no concerns. (SUF ¶ 36) Vicki reported Austin told her (Vicki) she wanted her other daughter placed in her home. (SUF ¶ 37) Canto inquired about what she observed to be the faint bilateral





PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

bruising on Plaintiff's cheeks. (SUF ¶ 38) Vicki reported that she did not know how Plaintiff received the marks but denied that she or the other children in her home caused the injury. (SUF ¶ 39) Canto also inquired about a small bruise on Plaintiff's forehead. (SUF ¶ 40) Vicki claimed the bruise happened when she was holding Plaintiff in her arms and had a tablet in her hands, Plaintiff attempted to grab the tablet and hit herself on the forehead. (SUF ¶ 41) Vicki reported Plaintiff was unsteady on her feet and somewhat clumsy. (SUF ¶ 42) During the interview, Canto observed Plaintiff falling on her own and hitting her forehead on the table causing a red mark. (SUF ¶ 43)

Based on the allegations of physical abuse and the marks observed on Plaintiff, Canto recommended that Plaintiff undergo a forensic exam by a pediatrician. (SUF ¶ 44) On September 7, 2016, the following day, Canto spoke separately with Austin and Stacks regarding her visit to Vicki's home and observations of Plaintiff. (SUF ¶ 45) Canto discussed her recommendation of a forensic exam with Plaintiff's parents and they both consented to the forensic exam. (SUF ¶ 46)

**D. SEPTEMBER 8, 2016 – FORENSIC TESTING AT THE HUB CLINIC**

On September 8, 2016, Vicki took Plaintiff to Harbor UCLA where Plaintiff was examined by Dr. Melissa Jimenez, a pediatrician. Stacks was present during this examination. (SUF ¶ 47) Dr. Jimenez observed the marks on the cheek and a diaper rash, and noted there was no history reflecting or explaining the cheek marks and that it was unusual for such an injury to occur accidentally. Per Dr. Jimenez's request, a skeletal survey of Plaintiff was performed the same day. (SUF ¶ 48) After Plaintiff's forensic examination, DCFS began assessing possible Non-Related Extended Family Members (NREFM) for placement. (SUF ¶ 49)

On September 13, 2016, Canto received a call from Dr. Jimenez, who advised Canto her forensic exam revealed non-accidental trauma to Plaintiff's cheeks, likely caused by someone grabbing her cheeks. Dr. Jimenez could not tell who caused the

bruising, or under what circumstances, including if another child in the home or an adult who touched Plaintiff's cheeks. (SUF ¶ 50) Dr. Jimenez did not express any concerns for immediate removal from Vicki's care, and explained that skeletal surveys reflected no fractures or other injuries to her body. (SUF ¶ 51) She also advised that Plaintiff needed a pelvic ultrasound by her regular treating physician, but the ultrasound was not emergent, was not related to any claim of abuse, and had nothing to do with her forensic exam. (SUF ¶ 51)

**E. SEPTEMBER 14, 2016 – PLAINTIFF'S NEW PLACEMENT**

On September 14, 2016, Plaintiff was detained from Vicki's home and placed with a NREFM. (SUF ¶ 52) There were no additional injuries or any injuries of any kind to Plaintiff after Canto's visit on September 6, 2016; and Plaintiff's parents did not advise Canto of any additional concerns from the time of the forensic exam to the time Plaintiff was removed. There are no other injuries alleged. (SUF ¶ 53) This lawsuit followed.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro., Rule 56(a). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV. ARGUMENT

**A. THERE IS NO TRIABLE ISSUE OF FACT THAT DEFENDANTS VIOLATED PLAINTIFF'S RIGHT TO FAMILIAL RELATIONSHIP UNDER THE FIRST CLAIM FOR RELIEF**

To succeed on a § 1983 claim, a plaintiff must show that (1) a government employee committed a constitutional violation under a governmental policy, practice, or custom; (2) the individual who committed the constitutional tort had "final





PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

policymaking authority" and that the challenged action constituted an official government action; or (3) an official with final policy-making authority ratified the unconstitutional conduct and the basis for it. *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citations omitted). To show liability under the first test, a plaintiff must prove: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation and brackets omitted). To plead a *Monell* claim capable of surviving dismissal, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotation marks and citation omitted).

In her first claim for relief, Plaintiff claims that Social Worker Defendants (Avalos, Jones, and Canto), acting under color of state law (1) "agreed and/or conspired to unlawfully and deliberately fail in protecting" Plaintiff against physical abuse while said Plaintiff was in foster care and under the supervision of Defendant Vicki; (2) "maliciously conspired to violated the civil rights of Plaintiff . . . by deliberately failing to protect minors from physical abuse while in foster care and thereby violating the Constitutional rights of Plaintiffs"; (3) "interfered and/or attempted to interfere with Plaintiffs' constitutional rights to familial association" and (4) "acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard to the rights of Plaintiffs in a despicable, vile and contemptible manner." (Dkt. No. 57 at 7) Yet, Plaintiff cannot provide any factual allegation or evidence to support these claims and the evidence demonstrates otherwise.

The Fourteenth Amendment substantive due process clause protects a foster

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent." *Tamas v. Department of Social & Health Services*, 630 F.3d 833, 842 (9th Cir. 2010). In *Tamas*, the Ninth Circuit held, "To violate due process, state officials must act with such deliberate indifference to the liberty interest that their actions 'shock the conscience.'" *Id.* at 844 (quoting *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006)). There is no basis to say any of these defendants did anything of this nature.

*Defendant Avalos:* Plaintiff's only factual allegation against Avalos is that Austin "reported her concerns regarding physical abuse of Plaintiff to the Managers of the HUB Clinic, Defendant Jones and Defendant Avalos, who both promised to investigate the situation." As reflected in the declaration of Avalos, she was the ER worker who detained Plaintiff from her parents on August 9, 2016. (SUF ¶ 21) She had no involvement regarding any allegations of physical abuse of Plaintiff. (SUF ¶¶ 25, 26, 28) She had no knowledge of Plaintiff's care in Vicki's home because she was not the assigned social worker that time. She was no longer the active social worker after Plaintiff's placement in foster care. Avalos' involvement stopped shortly after Plaintiff was placed in Vicki's care on August 9, 2016, and she had no further contact with Austin or anyone else related to Plaintiff. (SUF ¶¶ 21, 25, 26, 28) Vatraleva was assigned to Plaintiff's case as of the date she was placed with Vicki. (SUF ¶ 26) Even if the court accepted Austin's claim that she complained about "abuse" to Avalos, based on all the circumstances, with Avalos not being the active social worker involved, the fact that two other social workers went to the home on September 6, 2020, there was a forensic exam, and Plaintiff was detained from Vicki, these allegations can hardly rise to the level of "shocking the conscience".

*Defendant Canto*. Plaintiff's only factual allegation against Defendant Canto is that during a visit by the Carson Police to Vicki's home, Canto was present and noticed Plaintiff's bruising and ordered a forensic testing. First, even if what alleged by Plaintiff is completely accurate, Plaintiff cannot establish that "noticing Plaintiff's

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

bruising and ordering a forensic testing" (Dkt. No. 57, ¶19) amounts to deliberate indifference, such that it would shock the conscious—in fact one would say the opposite. Canto had no involvement with Plaintiff or her parents prior to the September 6, 2016, referral and that cannot be disputed. (SUF ¶¶ 28, 33) Second, she immediately responded to the referral, examined Plaintiff, conducted an investigation, and ensured a forensic exam was done on Plaintiff. (SUF ¶¶ 33, 34, 44-46) Third, within 2 days of the visit, Plaintiff had a forensic exam and 6 days later she was removed from Vicki's home. (SUF ¶¶ 47, 52) Canto was not notified of any alleged harm after September 6, 2016. (SUF ¶ 53) On the contrary, she noticed the bruising, and took actions to investigate it further. The obligation of a social worker is to ensure the minimal care for a minor, such as shelter and food. *See Lipscomb v. Simmons*, 962 F. 2d 1374, 1379 (9th Cir. 1992). There is no doubt Plaintiff was cared for and yet Canto still went forward with her investigation, forensic exam, and the only allegation against Canto fails to meet any deliberate indifference standard.

<u>*Defendant Jones*</u>. Plaintiff's only factual allegation against Defendant Jones is also that Austin "reported her concerns regarding physical abuse of Plaintiff to the Managers of the HUB Clinic, Defendant Jones and Defendant Avalos, who both promised to investigate the situation." (Dkt. No. 57 at 5) First, Jones is a social worker with DCFS, not manager at the HUB clinic. (SUF ¶ 5) Second, as soon as the allegations were made, on September 6th, Plaintiff was seen by a CS worker under Jones. (SUF ¶¶ 26, 27, 29, 30, 32) Vatraleva was assigned to Plaintiff's case as of the date she was placed with Vicki. Jones supervised Vatraleva and several other CSW's. (SUF ¶¶ 4, 5, 25, 26) As a supervisor, Jones was not involved in detention of Plaintiff from her biological parents, or even later, from Vicki, he never had any visits with Plaintiff, as those are not part of his duties as a supervisor. (SUF ¶¶ 27, 28) Additionally, Jones did not have knowledge of any complaints made by Plaintiff's parents. (SUF ¶¶ 27, 28) To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the





PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

alleged constitutional deprivation. *Ashcroft v. Iqbal*, 556 U. S. 662, 676–77 (2009). The evidence reflects Jones ensured Plaintiff had a visit and he called in a referral. Jones is entitled to summary judgment as his nonparticipation in any alleged constitutional deprivation is undisputed. Even if Plaintiff's allegations are to be believed, two different social workers went to the home on September 6, 2016, and there is no evidence against him that "shocks the conscience."

**B. QUALIFIED IMMUNITY BARS THE FIRST CLAIM AGAINST THE SOCIAL WORKER DEFENDANTS**

To the extent that social workers make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, qualified immunity is available. *Miller v. Gammie*, 335 F.3d 889, 989 (9th Cir. 2003); *Pearson v. Callahan* 129 S. Ct. 808, 815 (2009). If a government official could have "reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right," he is entitled to qualified immunity. *Jackson v. City of Bremerto*n, 268 F.3d 646, 651 (9th Cir. 2001). To defeat qualified immunity, Plaintiff "must make (1) a substantial showing of deliberate falsehood or reckless disregard for truth, and (2) establish that *but for* the dishonesty, the challenged action would not have occurred." *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002); *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir.2004); *Beltran v. Santa Clara County*, 389 Fed. Appx. 679 (2010). Plaintiff must establish that each individual social worker deliberately or recklessly made false statements or omissions that were material to the finding of probable cause. *KRL*, 384 F.3d at 1117. Whether a false statement was "material" to the finding of probable cause is a question of law for the reviewing court. *KRL*, 384 F.3d at 1117; *Butler*, 281 F.3d at 1024.

Here, it appears Plaintiff claims that her civil rights were violated when Defendants failed to protect her from harm. Defendants are entitled to qualified immunity for their discretionary acts in obtaining information they believed to be true and acting on that information. Their statements reflect no knowledge of any alleged

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

abuse before September 6, 2016 (Avalos was not involved as of September 6, 2016) and the actions they took with respect to the medical exam, and detention of Plaintiff on September 14, 2016, from Vicki's care are protected by qualified immunity.

### C. THE COUNTY IS ENTITLED TO SUMMARY JUDGMENT ON THE SECOND CLAIM FOR RELIEF ALLEGING *MONELL* LIABILITY BECAUSE THERE WAS NO UNDERLYING VIOLATION BY THE SOCIAL WORKER DEFENDANTS

Plaintiff's attempt to hold the County liable under *Monell* for the alleged violation of her civil rights by the Social Worker Defendants is subject to summary judgment. *See, Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Primary due to the insufficiency of factual allegations against the Social Worker Defendants. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986.) Absent any constitutional violations by an individual defendant, there can be no *Monell* liability. *Palmerin v. City of Riverside*, 794 F. 2d 1409, 1414-1415 (9th Cir. 1986).

As this Court previously recognized, in *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), the Supreme Court held that "neither *Monell*, nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *Id.* (Dkt. No. 64 at 3) The Ninth Circuit has continued to apply *Heller*'s holding that *Monell* claims are foreclosed by a defense verdict for the individual defendants on the constitutional claims. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 518 (9th Cir. 1999) (Dkt. No. 64 at 3).

Accordingly, this Court ordered that "'[f]or convenience, to avoid prejudice, and to expedite and economize' these proceedings, the Court bifurcate[ed] and stay[ed] Plaintiff's *Monell* claim until the underlying Fourteenth Amendment claim is resolved." (Dkt. No. 64 at 3). Accordingly, the County is entitled to summary judgment, because there was no underlying claim of Fourteenth Amendment violation by the Social Worker Defendant.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## V. CONCLUSION

Based on the foregoing, particularly that what is simply alleged is defied by the evidence submitted herein, summary judgment as to Jones, Canto, Avalos must be granted as to the first claim. Additionally, summary judgment as to the second claim for *Monell* liability must also be granted.

DATED: August 3, 2020 **PETERSON · BRADFORD · BURKWITZ**

By: /s/ Sara Bagheri, Esq.
Avi Burkwitz, Esq.
Sara Bagheri, Esq.
Attorneys for Defendants
COUNTY OF LOS ANGELES
(erroneously sued as THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES), CAROLINE AVALOS, JAMAL JONES, and SARA CANTO

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On July 3, 2020, I served the foregoing document described as:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of the member of the bar of this Court at whose direction the service was made.

Executed on August 3, 2020, at Burbank, California.

/s/ Marcela Dueñas
Marcela Dueñas

**SERVICE LIST**

**RE: A.A. v. County of Los Angeles et al**

**Case No.:** 2:19-cv-10031-SVW-JPR

Joyce Vega, Esq.
**Law Office of Vincent W. Davis & Associates**
150 N. Santa Anita Avenue, Suite # 200
Arcadia, CA 91006
T: (626) 446-6442
F: (626) 446-6454
E: joyce@vincentwdavis.com
susan@vincentwdavis.com
**Attorney for Plaintiff**
**A.A., by and through her**
**guardian ad litem, Amanda Austin**

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800