Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Sara Bagheri, Esq., Bar No.: 317195
sbagheri@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Attorneys for Defendants
COUNTY OF LOS ANGELES (erroneously sued as THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES), CAROLINE AVALOS, JAMAL JONES, and SARA CANTO

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.A., by and through her guardian ad litem, Amanda Austin,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, by and through THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; CAROLINE AVALOS, an individual; JAMAL JONES, an individual; SARA CANTO, an individual; VICKI M., an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-10031-SVW-JPR<br>Assigned to Honorable: Stephen V. Wilson<br>Magistrate Judge: Jean P. Rosenbluth<br><br>**DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: August 31, 2020<br>Time: 1:30 p.m.<br>Dept.: 10A<br><br>Complaint Filed: September 6, 2019<br>FAC Filed: December 10, 2019<br>SAC Filed: January 31, 2020<br>TAC Filed: April 1, 2020<br>Trial Date: September 22, 2020 |

///

///

///

Defendants County of Los Angeles (the "County"), Caroline Avalos, Jamal

Jones, and Sara Canto ("Social Worker Defendants," and, collectively with the County, "Defendants") hereby submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment, as follows :

## STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSION OF LAW

**ISSUE 1**: The Social Worker Defendants are entitled to summary judgment as to the claim for violation of familial relationship because they did not act with deliberate indifference.

**ISSUE 2**: Qualified immunity bars Plaintiff's claim against the Social Worker Defendants.

**ISSUE 3**: The County is entitled to summary judgment as to the *Monell* claim because there is no underlying violation of familial relationship by the Social Worker Defendants.

The Defendants set forth, repeat, and incorporate Uncontroverted Material Facts Nos. 1-53 herein.

| | **Uncontroverted Material Facts** | | **Supporting Evidence** |
|---|---|---|---|
| 1. | Emergency Response Children's Social Workers (ER CSW) investigate allegations of child abuse and neglect—also termed "referrals." | 1. | Avalos Decl. ¶ 2. |
| 2. | Continuing Service Children's Social Workers (CS CSW) are involved typically once a child is detained from the home, and are involved in providing | 2. | Declaration of Jamal Jones ("Jones Decl.") ¶ 2; Declaration of Caroline Avalos ("Avalos Decl.") ¶ 13. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| | services to the child, and monitoring the child, and visiting him/her. | | |
| 3. | Defendants Sara Canto and Caroline Avalos were ER CSW's during the period relevant to the allegations against them. | 3. | Declaration of Sara Canto ("Canto Decl.") ¶ 2; Avalos Decl. ¶ 1. |
| 4. | Both ER CSW's and CSW's report to a Supervising Children's Social Workers (SCSW). | 4. | Jones Decl. ¶¶ 1, 2. |
| 5. | Defendant Jamal Jones was a SCSW, supervising CW Workers, during the period relevant to the allegations. | 5. | Jones Decl. ¶ 1. |
| 6. | Plaintiff's family initially came to the attention of DCFS on July 16, 2016, when a five-day response referral was generated alleging Plaintiff and her older sister (not a party) were the alleged victims of emotional abuse by their mother, Amanda Austin, and father, Shaun Stacks. | 6. | Avalos Decl. ¶ 2. |
| 7. | The referral alleged that during an altercation with Austin, and while | 7. | Avalos Decl. ¶¶ 3, 5. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| | Plaintiff was present in the room, Stacks threw a glass at the wall while intoxicated. This was the first of two referrals generated for this family in July 2016. | | |
| 8. | This initial referral was assigned to ER CSW, Defendant Caroline Avalos, pursuant to the five-day response referral. | 8. | Avalos Decl. ¶¶ 2,4. |
| 9. | On July 19, 2016, Avalos visited Plaintiff's family residence in an attempt to make contact with Plaintiff but was unable to gain access to the home. | 9. | Avalos Decl. ¶ 4. |
| 10. | During the course of this initial investigation, a subsequent immediate response referral was generated on July 23, 2016, following yet another incident of domestic violence with law enforcement intervention involving Plaintiff's parents outside of a restaurant. | 10. | Avalos Decl. ¶ 5. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| 11. | In this incident, Austin and Stacks engaged in a violent altercation wherein Austin slapped Stacks twice in the head. | 11. | Avalos Decl. ¶ 5. |
| 12. | As Austin was driving away, Stacks stood in front of her vehicle and she accelerated, repeatedly pushing Stacks to the ground with the moving vehicle causing him abrasions—all while Plaintiff was strapped into the backseat of the vehicle. | 12. | Avalos Decl. ¶ 5. |
| 13. | This second referral was initially assigned to a different ER CSW who made contact with Plaintiff at her family residence the same day, but was subsequently reassigned to Avalos to handle jointly with her previously assigned five-day response referral. | 13. | Avalos Decl. ¶¶ 5, 6. |
| 14. | Avalos' investigation into Austin and Stacks uncovered a history of multiple 911 calls for service reporting domestic violence; multiple police reports involving Austin and Stacks; prior service to Austin's home; and Austin's admission to the Burbank Police that | 14. | Avalos Decl. ¶ 6. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| | she was involved in a "domestic dispute" during the July 23rd incident. | | |
| 15. | On July 29, 2016, Avalos, following up on her initial five-day response referral—now compounded with the second referral, contacted Plaintiff's family to examine her and interview each parent individually and privately. | 15. | Avalos Decl. ¶ 6. |
| 16. | Avalos discussed the two referrals with Austin, who denied all allegations related to these referrals, including all charges of domestic violence or issues with Stacks. | 16. | Avalos Decl. ¶ 6. |
| 17. | Avalos also interviewed Stacks about the allegations related to the two referrals, but he remained uncooperative and kept repeating he "had nothing to say." | 17. | Avalos Decl. ¶ 6. |
| 18. | Both Austin and Stacks insisted nothing happened, despite evidence to the contrary. | 18. | Avalos Decl. ¶ 6. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| 19. | Austin and Stacks' dishonesty alarmed Avalos due to risk of harm to one-year old Plaintiff living in an unstable home which potentially exposed her to domestic violence. | 19. | Avalos Decl. ¶¶ 6, 8. |
| 20. | Consequently, based on the overwhelming evidence that there had been prior domestic violence in Plaintiff's home, as well as the concerns for a one-year old child who may have been exposed to history of domestic violence, a petition for removal of Plaintiff was filed with the dependency court and a warrant was obtained for their detention. | 20. | Avalos Decl. ¶¶ 5, 8, 10. |
| 21. | On August 9, 2016, Avalos and LAPD officers arrived at Austin's home to detain Plaintiff. | 21. | Avalos Decl. ¶ 9; Jones Decl. ¶ 4. |
| 22. | Notably, Plaintiff's parents continued to deny any domestic violence and were uncooperative. | 22. | Avalos Decl. ¶ 9. |
| 23. | As no Non-Related Extended Family Member (NREFM) or responsible | 23. | Avalos Decl. ¶ 9. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| | relatives were available to care for Plaintiff within DCFS' ability to place, she was placed in the foster home of Vicki Robinson-Mazoko ("Vicki"). | | |
| 24. | Vicki was an approved foster parent, licensed by the State of California Health and Human Services Agency, with no prior founded charges for neglect or abuse. | 24. | Avalos Decl. ¶ 9. |
| 25. | Following Plaintiff's detention and placement in foster care, Plaintiff's case was transferred from Emergency Response unit to Continuing Services unit. | 25. | Jones Decl. ¶ 5. |
| 26. | Shortly after the Plaintiff's placement, Avalos' involvement with Plaintiff's care ended, and Plaintiff's case was assigned to CS CSW Antoneta Vatraleva (not a party to this action), a social worker who reported to SCSW Jamal Jones, who supervised a unit of CS workers. | 26. | Avalos Decl. ¶¶ 10, 12; Jones Decl. ¶¶ 1, 2, 3, 5. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| 27. | Jones had no prior involvement with the family. | 27. | Jones Decl. ¶¶ 4, 6. |
| 28. | As of September 6, 2016, there were no complaints reported by either parent to Jones, Avalos was no longer involved with the family, and Canto had yet to be assigned as a worker to this matter. | 28. | Avalos Decl. ¶¶ 10, 11, 12, 13, 14; Jones Decl. ¶¶ 4, 6; Canto Decl. ¶ 4. |
| 29. | On or about September 6, 2016, Austin contacted Plaintiff's assigned worker, Vatraleva and reported that during her last visit with her daughter two days earlier (September 4), she noticed marks on Plaintiff's cheeks. | 29. | Jones Decl. ¶¶ 5, 7; Exhibit A (Doctor Jimenez's Notes dated September 8, 2016). |
| 30. | Vatraleva made an immediate and unscheduled visit to Vicki's home to investigate the report of alleged abuse. | 30. | Jones Decl. ¶ 7. |
| 31. | Vatraleva observed two yellow marks on Plaintiff's cheeks. | 31. | Jones Decl. ¶7. |
| 32. | Vatraleva reported Austin's concerns to her Supervising CSW, Jones, who reported the physical abuse allegations. | 32. | Jones Decl. ¶ 8. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| 33. | Austin's report generated a referral, which triggered a visit by another ER CSW—Defendant Sara Canto. | 33. | Jones Decl. ¶ 8; Canto Decl. ¶ 4. |
| 34. | On September 6, 2016 (the same day as Vatraleva's visit), Canto visited Vicki's home to investigate the matter, speak with Vicki, and examine Plaintiff. | 34. | Canto Decl. ¶¶ 4, 5 |
| 35. | Vicki told Canto that she was aware of the allegations as another social worker (Vatraleva) had made an unannounced visit earlier in the day. | 35. | Canto Decl. ¶ 6. |
| 36. | Vicki denied any physical abuse of Plaintiff and reported to Canto that Austin and Stacks visited Plaintiff two days earlier (September 4), and had no concerns. | 36. | Canto Decl. ¶ 7. |
| 37. | Vicki reported Austin told Canto she wanted her other daughter placed in her home. | 37. | Canto Decl. ¶ 7. |
| 38. | Canto inquired about what she observed to be the faint bilateral bruising on Plaintiff's cheeks. | 38. | Canto Decl. ¶ 8. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| 39. | Vicki reported that she did not know how Plaintiff received the marks but denied that she or the other children in her home caused the injury. | 39. | Canto Decl. ¶ 8. |
| 40. | Canto also inquired about a small bruise on Plaintiff's forehead. | 40. | Canto Decl. ¶ 9. |
| 41. | Vicki claimed the bruise happened when she was holding Plaintiff in her arms and had a tablet in her hands, Plaintiff attempted to grab the tablet and hit herself on the forehead. | 41. | Canto Decl. ¶ 9. |
| 42. | Vicki reported Plaintiff was unsteady on her feet and somewhat clumsy. | 42. | Canto Decl. ¶ 9. |
| 43. | During the interview, Canto observed Plaintiff falling on her own and hitting her forehead on the table causing a red mark. | 43. | Canto Decl. ¶¶ 9, 10. |
| 44. | Based on the allegations of physical abuse and the marks observed on Plaintiff, Canto recommended that Plaintiff undergo a forensic exam by a pediatrician. | 44. | Canto Decl. ¶ 11. |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| 45. | On September 7, 2016, the following day, Canto spoke separately with Austin and Stacks regarding her visit to Vicki's home and observations of Plaintiff. | 45. | Canto Decl. ¶ 11. |
| 46. | Canto discussed her recommendation with Plaintiff's parents and they both consented to the forensic exam. | 46. | Canto Decl. ¶ 11. |
| 47. | On September 8, 2016, Vicki took Plaintiff to Harbor UCLA where Plaintiff was examined by Dr. Melissa Jimenez, a pediatrician. Stacks and Vicki were present during this examination. | 47. | Canto Decl. ¶ 12. |
| 48. | Dr. Jimenez observed the marks on the cheek and a diaper rash, and noted there was no history reflecting or explaining the cheek marks and that it was unusual for such an injury to occur accidentally. Per Dr. Jimenez's request, a skeletal survey of Plaintiff was performed the same day. | 48. | Canto Decl. ¶¶ 14, 15. |
| 49. | After Plaintiff's forensic examination, DCFS began assessing possible Non- | 49. | Canto Decl. ¶ 13; Exhibit B (Doctor Jimenez's Notes dated |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

| | | | |
|---|---|---|---|
| | Related Extended Family Members (NREFM) for placement. | | September 13, 2016). |
| 50. | On September 13, 2016, Canto received a call from Dr. Jimenez, who advised Canto her forensic exam revealed non-accidental trauma to Plaintiff's cheeks, likely caused by someone grabbing her cheeks. Dr. Jimenez could not tell who caused the bruising, or under what circumstances, including if another child in the home or an adult who touched Plaintiff's cheeks. | 50. | Canto Decl. ¶¶ 14, 15; Exhibit B (Doctor Jimenez's Notes dated September 13, 2016). |
| 51. | Dr. Jimenez did not express any concerns for immediate removal from Vicki's care, and explained that skeletal surveys reflected no fractures or other injuries to her body. She also advised that Plaintiff needed a pelvic ultrasound by her regular treating physician, but the ultrasound was not emergent, was not related to any claim of abuse, and had nothing to do with her forensic exam. | 51. | Canto Decl. ¶¶ 15, 16; Exhibit B (Doctor Jimenez's Notes dated September 13, 2016). |
| 52. | On September 14, 2016, Plaintiff was detained from Vicki's home and placed | 52. | Canto Decl. ¶ 18; Jones Decl. ¶ 10. |

| | | | |
|---|---|---|---|
| | with a NREFM. | | |
| 53. | There were no additional injuries or any injuries of any kind to Plaintiff after Canto's visit on September 6, 2016; and Plaintiff's parents did not advise Canto of any additional concerns from the time of the forensic exam to the time Plaintiff was removed. There are no other injuries alleged. | 53. | Canto Decl. ¶¶ 18, 19; Jones Decl. ¶ 10. |

DATED: August 3, 2020

**PETERSON · BRADFORD · BURKWITZ**

By: /s/ Sara Bagheri, Esq.

Avi Burkwitz, Esq.
Sara Bagheri, Esq.
Attorneys for Defendants
COUNTY OF LOS ANGELES
(erroneously sued as THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES), CAROLINE AVALOS, JAMAL JONES, and SARA CANTO

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On August 3, 2020, I served the foregoing document described as:

**DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of the member of the bar of this Court at whose direction the service was made.

Executed on August 3, 2020, at Burbank, California.

/s/ Marcela Dueñas
Marcela Dueñas

**SERVICE LIST**

**RE:** **A.A. v. County of Los Angeles et al**

**Case No.:** 2:19-cv-10031-SVW-JPR

Joyce Vega, Esq.
**Law Office of Vincent W. Davis & Associates**
150 N. Santa Anita Avenue, Suite # 200
Arcadia, CA 91006
T: (626) 446-6442
F: (626) 446-6454
E: joyce@vincentwdavis.com
susan@vincentwdavis.com
**Attorney for Plaintiff**
**A.A., by and through her**
**guardian ad litem, Amanda Austin**